EX PARTE DIEGO SALVADOR ANTÚNEZ ROCA, Petitioner, JOSÉ ANTONIO ANTÚNEZ REYES, Respondent and Appellant.

No. 7586. Argued December 1, 1938.—Decided February 10, 1939.

*José C. Jusino,* for appellant. *Damián Monserrat Jr.,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Diego Salvador Antúnez Pujols died intestate in the city of Río Piedras on January 29, 1936. He left as his only heirs his three legitimate children named Diego Salvador, Salvador and José Antúnez Roca, and one acknowledged natural child named José Antonio Antúnez Reyes.

The District Court of San Juan placed the goods of the inheritance under judicial administration and later appointed Mr. Gabriel de la Haba commissioner (*contador partidor*). The latter, on March 5, 1937, presented a report to the said Court containing his recommendations for a division of the property.

The natural son opposed the approval of the report. The Court set a date to hear the parties. They all appeared and were heard and the Court entered an order approving said report on May 28, 1937.

Against said order the natural son filed this appeal and assigned the following errors as committed by the lower court:

"1. The Court erred in deciding that the minor José Antonio Antúnez Reyes, acknowledged natural son of the deceased Salvador Antúnez Pujols, should be allowed the sum of $12,152.70 instead of $15,624.98.

"2. The Court erred in approving the debts amounting to $17,461.04 without there being any claim or evidence whatsoever in regard to said debts and notwithstanding our opposition.

"3. The Court erred in not striking the seventh basis of the report of the commissioner (*contador partidor*) (transcript of evidence, p. 13).

"4. The Court erred in not ordering to strike out all the special recommendation of the commissioner which appears on page 25 of the transcript and which reads as follows:

" 'There being a claim of attorney Angel N. Parra pending, to which the sixth recommendation, page 12 of this report, refers, and as the claim is debatable and unliquidated, the estate should be turned over to the heirs subject to the outcome of this case, so that each may be liable with the portion allowed him in payment of his

share if the petitioner obtains a judgment in his favor, that is, in the proportion of three twenty-sevenths the natural child and eight twenty-sevenths each legitimate child.' "

█ In the report of the commissioner (*contador parti-dor*) the estate of Salvador Antúnez Pujols is divided into three portions corresponding each of them, to the "legítima corta", the "legítima larga" and "libre disposición" respectively. The two-thirds of legal portion is divided among the three legitimate children, $24,305.38 correspond to each one of them as their legal portion. After having determined the legal portion of the three legitimate sons, the natural son was given a half of said sum, that is, $12,152.69, which was taken out of the extra legal portion. The rest of the extra legal portion was then divided equally among the three legitimate children.

We do not understand how the representative of the natural son can have the slightest doubt that this is the correct manner of distributing the inheritance. Sections 767 and 902 of the Civil Code (edition of 1930), which constitute the law applicable to the case are perfectly clear. Section 902, which is one of the provisions which regulate the intestate inheritance and which is found under the title "Acknowledged natural children", in so far as is applicable to this case, reads as follows:

"Should there be any legitimate descendants or ascendants, the recognized natural descendants shall receive only that portion of the inheritance allowed to them by sections 767 and 768 of this Code."

And Section 767, which is the one which determines in the testate inheritance what shall be the portion of the inheritance corresponding to the acknowledged natural child when he inherits with legitimate children or descendants, reads:

"When the testator leaves legitimate children or descendants, and natural children, legally acknowledged, each of the latter shall

have a right to a portion equal to one-half of that pertaining to each of the legitimate children who have not received any advantage or extra portion; Provided, it can be included in the third which may be freely disposed of, from which it must be taken, after the burial and funeral expenses have been deducted.

"The legitimate children may pay the portion pertaining to the natural ones in cash, or in other property of the estate, according to just rules."

Manresa, in his "Commentaries to the Spanish Civil Code," in respect to the pertinent sections states:

"When natural recognized children or those legitimated by Royal decree inherit together with legitimate ascendants or descendants, the former receive the same inheritance as would correspond to them in testate inheritance in keeping with Sections 840 and 841...Section 942 does nothing more than to give natural children in intestate inheritance the same rights given them by law in testate inheritance..." (Manresa, vol. 7, pag. 103.)

"Sec. 942 is perfectly clear. See the commentaries to Secs. 840, 841, 843 and 844.

"It should be well understood that even in the case of intestate inheritance the natural child when he inherits together with legitimate descendants of the deceased only has a right to the portion awarded him by Sec. 840, that is, a half of the amount comprising the legal portion of the two thirds of the estate, or which may fall by will to each of the legitimate children who have not been left additional portions, if it can be taken from the third of the estate which may be freely disposed of, and after the funeral expenses have been deducted." (Id. page 106.)

"Sec. 840 does not set an amount to be divided among the natural children but determines what portion shall correspond to each, which is always one-half of what each legitimate child will receive as his legitimate legal portion.

"The purpose of the law can not be more evident: it refuses to allow in any case that the legitimate portion of a natural child be more or even the same than that of a legitimate child; by legal provision as legitimate heirs they will never receive more than one-half. This is the first limitation placed on the legitimate portions of natural children when they inherit together with legitimate children." (Vol. 6, page 562.)

From the aforesaid it can be readily seen that the first alleged error does not exist.

■ The appellant does not show that the Court committed the alleged error in approving the debts of the estate which appear in the report of the commissioner, amounting to $17,461.04. The Court heard the parties, examined the evidence presented to it and after weighing it, approved said debts. Unless manifest error or bias, prejudice or partiality is shown on the part of the lower court, we should not intervene with its discretion in weighing the evidence.

■ We do not find either that the court has committed error in not disregarding the seventh recommendation in the report of the commissioner. Said seventh recommendation reads as follows:

"From the documents submitted by the judicial administrator it is clear that the rents from the property under judicial administration were deposited in a current account in the Banco Popular de Puerto Rico and were applied to the necessary expenses of carrying on the business of the estate, such as payment of taxes, advances made to the natural son in the aforesaid sum of $1,800, repairs to the property, expenses of expert appraisers, maintenance of the coheirs and other details, there being on February 28, 1937, a balance of $634.74, which constitutes item 16th of the inventory."

■ The lower court did not incur in error in refusing to disregard the special recommendation of the commissioner, which reads:

"There being a claim of Attorney Angel N. Parra pending, to which the 6th remark refers, page 12 of this report, and as this claim is controvertible and unliquidated, the property should be awarded to the different heirs subject to the result of this suit and to the condition that each heir shall be liable for his corresponding portion from the property awarded to him in case the claimant should obtain a judgment in his favor in the proportion of three twenty-sevenths the natural son and eight twenty-sevenths each legitimate child."

274

It appears to be the most logical and prudent thing not to leave the division of the inheritance pending until the suit filed by the attorney Angel N. Parra against the heirs is decided. No practical advantage would be attained by postponing the division and on the contrary the heirs, among whom is the acknowledged natural son, are liable to incur expenses by keeping the judicial administration.

In our opinion the errors assigned by the appellant do not exist and therefore the judgment of the District Court of San Juan, of May 28, 1937, in which the recommended division of the inheritance submitted by the commissioner was approved, is affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.